IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARVIT BHATIA,

                Petitioner,

    v.

DAVID O'NEILL, *et al.*,

                Respondents.

CIVIL ACTION NO.  25-6809

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                               **December 9, 2025**

Petitioner Garvit Bhatia has petitioned under 28 U.S.C. § 2241 for release from detention imposed by the Department of Homeland Security ("DHS") pursuant to the Immigration and Nationality Act ("INA"). He argues that his detention rests upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process. As in *Centeno Ibarra v. Warden of the Federal Detention Center Philadelphia*[1] and *Yilmaz v. Warden of the Federal Detention Center Philadelphia*[2], the Court concludes that Bhatia cannot be subject to mandatory detention as an "applicant for admission" under § 1225(b)(2) due to his extended period of residence in the United States. The Petition will be granted.

**I.   BACKGROUND**

Garvit Bhatia is a twenty-three-year-old citizen of India who came to the United States through the Northern Border to seek asylum.[3] Upon arriving in the United States on September 16, 2024, he was apprehended by Customs and Border Patrol and detained for less than 24

---

[1] No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

[2] No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025).

[3] Petition ¶¶ 1, 2, 4, 17 [Doc. No. 1].

hours.[4] He was released on recognizance and, because he had entered without inspection by an immigration officer, Bhatia received a Notice to Appear in Removal Proceedings before an immigration judge on June 4, 2025.[5] He later filed a timely Application for Asylum.[6]

While his asylum application was pending, Bhatia was detained by Immigration and Customs Enforcement ("ICE") during a required annual check-in on December 2, 2025.[7] He did not receive a bond hearing.[8] Bhatia's detention is the product of a new DHS policy, under which "individuals present in the United States without admission or parole are now treated as applicants for admission subject to mandatory detention under § 1225(b)(2) rather than discretionary detention under § 1226(a)."[9] The Board of Immigration Appeals adopted this interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).[10] Bhatia has been law-abiding since arriving in the United States.[11]

On December 3, 2025, Bhatia filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[12] The following day, this Court ordered the government to show cause why Bhatia's Petition should not be granted and scheduled a show cause hearing on December 9, 2025.[13] Pursuant to a subsequent stipulation of the parties, the Court cancelled the December 9

---

[4] Petition ¶ 2 [Doc. No. 1].

[5] Petition ¶ 2 [Doc. No. 1]; Order of Release on Recognizance [Doc. No. 1-1 at 5]; Notice to Appear [Doc. No. 1-1 at 2-4].

[6] Petition ¶ 4 [Doc. No. 1].

[7] Petition ¶¶ 3-4 [Doc. No. 1].

[8] Petition ¶¶ 2-6 [Doc. No. 1].

[9] Petition ¶¶ 5, 30-31 [Doc. No. 1]; *Yilmaz*, 2025 WL 3459484, at *1 (quoting *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025)).

[10] Petition ¶ 32 [Doc. No. 1].

[11] Petition ¶ 4 [Doc. No. 1].

[12] Petition [Doc. No. 1].

[13] 12/4/25 Order [Doc. No. 3].

hearing and resolved to decide the case on the briefs, as the parties requested.[14] The case is ripe for disposition.

## II. LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[15] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[16]

## III. DISCUSSION

As the government concedes, the facts and issues of this case are materially indistinguishable from *Centeno Ibarra* and *Yilmaz*, where the Court rejected the government's arguments.[17] A different result is not warranted here.

First, as in *Yilmaz* and *Centeno Ibarra* and many similar district court decisions,[18] the Court disagrees with the government's position that Bhatia's Petition is unreviewable. The jurisdiction-stripping statutory provisions[19] cited by the government do not apply because Bhatia "challenges his detention rather than the initiation of removal proceedings, because [Bhatia] cannot obtain relief for his detention following a final order regarding removal, and because

---

[14] 12/8/25 Stipulation and Order [Doc. No. 5].

[15] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[16] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[17] Gov't Response at 1-2 [Doc. No. 4].

[18] *See Demirel v. Fed. Det. Ctr.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *see also Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025).

[19] 8 U.S.C. § 1252(g), 1252(b)(9), 1252(a)(2)(B)(ii).

[Bhatia's] detention is not the byproduct of a discretionary determination."[20] Nor does Bhatia's failure to exhaust administrative remedies bar review, since the issue presented is purely one of statutory interpretation and since the BIA's decision in *Hurtado* would render the pursuit of further administrative remedies futile.[21]

Second, the Court herein similarly reads § 1225(b)(2) narrowly. The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.[22] Instead, "the detention of noncitizens like [Bhatia] who have been long-present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[23] Section 1226(a)'s predominance over § 1225(b)(2) in this case is further demonstrated by the titles of these statutes, agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[24]

Similarly to *Yilmaz* and *Centeno Ibarra*, Bhatia may only be detained under the INA if, consistent with § 1226(a), he is provided a bond hearing and the facts reveal that he poses a risk of flight or harm to the community.[25] Here, nothing in the record suggests that Bhatia poses any such risk—Bhatia has had no criminal involvement in the United States, and nothing in the government's Response indicates that he would be likely to flee or threaten the safety of his

---

[20] *See Yilmaz*, 2025 WL 3459484, at *2.

[21] *See id.*

[22] *See id.* at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[23] *Yilmaz* at *3; *see also Centeno Ibarra* at *4-7. 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[24] *See Yilmaz* at *3; *Centeno Ibarra* at *5-7.

[25] *See Yilmaz* at *3; *Centeno Ibarra* at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

community.[26] For those reasons, a bond hearing is unnecessary, and the Court will order Bhatia's immediate release.

### IV.     CONCLUSION

For the same reasons as in *Yilmaz* and *Centeno Ibarra*, the DHS lacked legal authority to mandatorily detain Petitioner Garvit Bhatia without a bond hearing under 8 U.S.C. § 1225(b)(2). The Court will grant his Petition. An order will follow.

---

[26] Petition ¶ 4 [Doc. No. 1]; *see generally* Gov't Response [Doc. No. 4].