IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARVIT BHATIA,<br>    **Petitioner,**<br>  v.<br>DAVID O'NEILL, *et al.*,<br>    **Respondents.** | CIVIL ACTION NO.  25-6809 |

## ORDER

**AND NOW,** this 9th day of December 2025, upon consideration of Garvit Bhatia's Petition for Writ of Habeas Corpus [Doc. No. 1], and for the reasons stated in the accompanying Memorandum Opinion, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Bhatia is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. The Government shall **RELEASE** Bhatia from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than 12:00 p.m. ET on December 10, 2025;

3. The government is temporarily enjoined from re-detaining Bhatia for seven days following his release from custody;

4. If the government chooses to pursue renewed detention of Bhatia after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

5. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Bhatia from the Eastern District of

Pennsylvania before the ordered bond hearing. If the immigration judge determines that Bhatia is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Bhatia if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Bhatia.

**BY THE COURT:**

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**